# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES SIMONSON,** | : | |
| Plaintiff, | : | |
| v. | : | |
| **BOROUGH OF TAYLOR and WILLIAM ROCHE,** | : | Civil No. 18-CV-2445 |
| | : | |
| Defendants and Third Party Plaintiffs, | : | (JUDGE MANNION) |
| v. | : | |
| **LORETTA SIMONSON,** | : | |
| Third Party Defendant | : | |

## **MEMORANDUM**

Pending before the court is the motion to strike filed by plaintiff Charles Simonson, pursuant to Fed.R.Civ.P. 14(a)(4), (Doc. 19), as to the third-party complaint ("TPC") filed against his estranged wife, Loretta Simonson, by original defendants/third-party plaintiffs Borough of Taylor and William Roche (collectively "defendants"), (Doc. 17). Plaintiff basically claims that defendants falsely arrested and imprisoned him and, maliciously prosecuted him without probable cause in violation of his 4th and 14th Amendment rights. In their TPC, defendants claim that plaintiff's wife Loretta, i.e., third party defendant, is liable for any damages that are awarded against them caused by plaintiff's arrest and prosecution since they relied upon her allegations that plaintiff tried to shoot her, which later were found to be false. In his motion to strike, plaintiff

argues that the TPC is untimely since it was filed more than 14 days after the original answer was served and, that it is legally defective since there is no claim for indemnity or contribution with respect to his constitutional claims under 42 U.S.C. §1983. Plaintiff also contends that defendants' claims for contribution and indemnification against Loretta with respect to his state law claims are legally deficient. The court will **GRANT** the plaintiff's motion to strike the TPC and it will be **DISMISSED IN ITS ENTIRETY**. As such, the third-party defendant Loretta Simonson will be **DISMISSED** from this case.

I. **BACKGROUND**[1]

The underlying case arises out of the November 7, 2018 arrest of plaintiff by Sergeant William Roche of the Borough of Taylor Police Department. Roche handcuffed and shackled plaintiff, interrogated him, and then charged him with Criminal Attempt –Aggravated Assault, Aggravated Assault, Discharge of a Firearm into Occupied Structure, Possession of Weapon, Make Repairs/Sell/Etc Offensive Weapon, Terroristic Threats with Intent to Terrorize Another, Recklessly Endangering Another Person, and Simple Assault. *See* Commonwealth v. Charles Simonson, MJ-45101-Cr-0000426-2018.[2]

---

[1]For the most part, the court limits the background to the TPC and its parties.

[2]The court notes that the Lackawanna County Criminal Dockets for plaintiff, as well as Loretta, can be found at http://ujsportal.pacourts.us. The

2

Also, on November 7, 2018, plaintiff alleges that his vehicle was illegally impounded and searched due to Roche's false accusations.

The charges Roche filed against plaintiff stemmed from an alleged shooting incident in which Loretta told police that plaintiff intentionally shot his firearm at her. Plaintiff alleges that Roche failed to conduct a proper and thorough investigation before filing the charges against him, and that the Borough of Taylor failed to properly train and supervise Roche.

After plaintiff was charged, Roche handcuffed plaintiff and drove him to Lackawanna County Processing Center and his bail was set at $850,000. Since plaintiff could not post bail, he was then transported to Lackawanna County Prison and incarcerated. Defendants then allegedly informed various news outlets about plaintiff's arrest.

After further investigation, including subsequent statements given by Loretta, it was discovered that the information which Loretta provided to defendants and which served as the probable cause for plaintiff's arrest was false and that Loretta discharged the firearm herself. Consequently, on November 8, 2018, all of the charges filed against plaintiff were withdrawn.

Based on the false information Loretta provided to defendants about the shooting incident with plaintiff, she was arrested and charges with: 1) discharge of a firearm into occupied structure; 2) recklessly endangering

---

court can take judicial notice of the Criminal Dockets for purposes of plaintiff's instant motion as an official state court record and matters of public record. *See* Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007).

3

another person; 3) unsworn falsification to authorities; 4) false identification to law enforcement officer; and 5) false report- falsely incriminate another. *See* Commonwealth v. Loretta M. Simonson, CP-35-CR-0002450-2018.

On April 25, 2019, Loretta pled guilty to Recklessly Endangering Another Person (second degree misdemeanor) and False Identification to Law Enforcement Officer (third degree misdemeanor). The remaining three charges against Loretta were *nolle prossed*.

On August 28, 2019, Loretta was sentenced to imprisonment for a minimum of 23 days to a maximum of 18 months followed by a 6-month period of probation.

In his amended complaint filed on May 30, 2019, (Doc. 15), plaintiff raises the following constitutional claims under §1983 against Roche: unlawful seizure and search of his person in violation of his 4th and 14th Amendment rights; Count I; malicious prosecution, Count II[3]; and false arrest and false imprisonment, Count III. In Count IV, plaintiff raises a 14th Amendment stigma-plus due process claim against Roche and the Borough of Taylor. Plaintiff also raises state law claims against both defendants in Count V for false light and defamation. In Count VI, plaintiff asserts a state law claim for assault and battery against Roche. In Count VII, plaintiff raises a municipal liability claim against the Borough of Taylor under Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 694 (1978) for failure to adequately train and supervise Roche. Finally,

---

[3]In Count II, plaintiff also raises a state law malicious prosecution claim against Roche.

in Count VIII, plaintiff raises an unlawful seizure and search claim against both defendants regarding his vehicle in violation of his 4th and 14th Amendment rights.

As relief in his amended complaint, plaintiff seeks compensatory and punitive damages as well and injunctive relief.

In their TPC filed on May 30, 2019, (Doc. 17), defendants allege that but for the actions of Loretta, they would not have had probable cause to arrest and charge plaintiff, and that Loretta knowingly provided them with false statements about plaintiff's actions intending to mislead them for the purpose of arresting plaintiff. Defendants raise claims for indemnification and contribution against Loretta in their TPC. As such, they allege that "[i]f Plaintiff sustained any damages as alleged in his [amended] Complaint, ..., then these damages resulted from the actions; intentional, willful, or wonton misconduct; negligence and/or breach of duties of [Loretta]."

On June 4, 2019, plaintiff filed his motion to strike the TPC, (Doc. 19), and his brief in support, (Doc. 20). Defendants filed their brief in opposition to plaintiff's motion on June 18, 2019. (Doc. 23). Plaintiff filed his reply brief on June 20, 2019.[4] (Doc. 24).

The court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a) because plaintiff avers violations of his constitutional rights under the 4th and 14th Amendments of the U.S. Constitution. The court

---

[4]Third party defendant Loretta Simonson did not file any brief with respect to plaintiff's motion to strike. Nor has she filed a response to the TPC.

can exercise supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. §1367. Venue is appropriate in this court since the alleged constitutional violations occurred in this district and all parties are located here. *See* 28 U.S.C. §1391.

## II.     DISCUSSION

Plaintiff argues that defendants did not timely file their TPC in violation of Fed.R.Civ.P. 14(a)(1) since it was not filed within 14 days after the original answer was served. Thus, plaintiff states that defendants were required to file a motion seeking leave of court to file their TPC alleging a count of common law indemnification and contribution under Rule 14(a)(1). He also contends that the TPC cannot assert any claim for indemnification and contribution against Loretta since she is not a state actor and, since courts have not permitted claims for indemnity and contribution with respect to the constitutional claims he asserts against defendants in his amended complaint under 42 U.S.C. §1983. Further, plaintiff challenges the legal sufficiency of defendants' claims for indemnification and contribution from Loretta regarding his state law claims against them.

Initially, as to timeliness, plaintiff explains that on February 22, 2019, defendants filed their answer to his original complaint, (Doc. 10), and that since defendants filed their TPC on May 30, 2019, it is untimely as it was filed well beyond 14 days after they filed their original answer.

Rule 14(a)(1) determines when a defendant can bring in a third party to

6

a case and provides:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving the original answer.

[Fed.R.Civ.P. 14(a)(1)](Fed.R.Civ.P. 14(a)(1)).

Under Rule 14(a)(4), "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately."

No doubt that defendants did not file their TPC within 14 days after they filed their answer to plaintiff''s original complaint in compliance with Rule 14(a)(1). However, Defendants point out that they timely filed their TPC pursuant to the court's March 29, 2019 Case Management Order in which it directed that "[t]he final date for the joining of additional parties shall be May 30, 2019." (Doc. 13). Even though the Case Management Order did not specifically reference the time to file a third party complaint, such a pleading is an appropriate way to join additional parties. The Case Management Order also permitted plaintiff file an amended pleading by May 30, 2019, and that is the date he filed his amended complaint. Similar to defendants filing of their TPC, plaintiff did not have to file a motion for leave of court or obtain the consent of defendants pursuant to Rule 15(a)(2) to file his amended complaint despite the fact that defendants had already filed an answer to his original complaint since he filed his amended pleading timely under the Case Management Order. In short, the court already gave both parties permission to file their respective pleadings by May 30, 2019 in its Order.

Based on the facts and circumstances of this case, the court finds that defendants timely filed their TPC since it was filed by the deadline it set in its Case Management Order. Thus, no motion for leave of court to file the TPC was required in this case since it was already impliedly given in the Case Management Order.

Next, the court will discuss the substance of defendants' claims for contribution and indemnification against Loretta in their TPC. Plaintiff argues that Loretta is improperly impleaded under Rule 14(a) since defendants are attempting to add her to this case based on her actions which would make her solely liable to him. Indeed, "[a] defendant may not assert a third-party claim under Rule 14 against a party that is solely liable to the plaintiff." Bombardier Transportation Holdings USA, Inc. v. United Chemi-Con, Inc., 2018 WL 1427085, *3 (W.D.Pa. March 22, 2018) (citations omitted). Plaintiff also contends that Loretta cannot be held liable for the alleged violations of his constitutional rights he asserts against defendants since there exists no claim for indemnity or contribution for §1983 actions.

To assert a claim under Rule 14(a)(1), the third-party liability must be entirely dependant on the impleader's liability to the original plaintiff. Thus, if the third-party plaintiff is found liable on the main claim, the third-party defendant will be liable to the third-party plaintiff under a recognized theory of derivative liability. *See* [Rocuba v. Mackrell, 2011 WL 5869787, *1 (M.D.Pa. 2011)](#); [Hartford Cas. Ins. Co. v. ACC Meat Co., LLC, 2011 WL 398087, *1 (M.D.Pa. Feb. 2, 2011)](#) ("A third-party plaintiff may only use Rule 14(a) to

8

implead a third-party defendant who is, or may be, liable to the third-party plaintiff derivatively or secondarily.") (citation omitted). "Joinder is unavailable when a defendant seeks to join a third party who is or may be liable only to the plaintiff." *Id*.

As the court in Rocuba, 2011 WL 5869787, *1, stated:

The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. Third-party liability must depend on the outcome of the main claim and derive from defendant's liability to the plaintiff in the main action so that, if the third-party plaintiff is found liable, the third-party defendant will be liable to the third-party plaintiff under a theory of indemnification, contribution, or some other theory of derivative liability recognized by the relevant substantive law.

"Where ... state substantive law recognizes a right of contribution and/or indemnity, impleader under Rule 14 is the proper procedure by which to assert such claims." EQT Production Company v. Terra Services, LLC, 179 F.Supp.3d 486, 492-93 (W.D.Pa. 2016) (citations omitted). "As Rule 14 only provides the procedural mechanism for filing a third-party complaint, a party's substantive rights to contribution and common law indemnity are determined by state law." *Id*. at 493 (citation omitted). "In general, whether a particular third-party defendant may be impleaded is a question which 'rests with the sound discretion of the trial court.'" *Id*. (citations omitted).

No doubt that "Section 1983 neither expressly provides for contribution nor indemnification", and "[d]istrict courts in the Third Circuit have struggled with whether there is a federal right to contribution on a §1983 claim." Bank v. City of Philadelphia, 991 F.Supp. 2d 523, 532, 538 n. 26 (E.D.Pa. 2014).

9

A claim for contribution under Pennsylvania law "is not a recovery for the tort, but rather it is the enforcement of an equitable duty to share liability for the wrong done by both." Swartz v. Sunderland, 403 Pa. 222, 169 A.2d 289, 290 (1961).

In Rocuba, 2011 WL 5869787, *3, this court found that "there exists no claim for indemnity or contribution for §1983 actions", and that "a separate third-party action seeking indemnification or contribution is not permitted under §1983." (citations omitted). However, the court in Bank, 991 F.Supp. 2d at 532, pointed out that "the district court [in Rocuba] only relied on cases which have held that there is no federal right to contribution under §1983", and that "contribution and indemnification are distinct causes of action and should be analyzed separately." Thus, the court will now analyze defendants' claims for contribution and indemnification against Loretta separately.

The court again agrees with the majority of courts that do not allow contribution for §1983 actions. *See* Bank, 991 F.Supp. 2d at 538 n. 26 (citations omitted). Thus, the court will not permit defendants to seek contribution from Loretta with respect to plaintiff's claims against them for any of the alleged §1983 violations. Therefore, plaintiff's motion to strike will be granted with respect to defendants' claim for contribution with respect to Counts I, II, III, IV, VII and VIII of plaintiff's amended complaint.

Plaintiff also seeks to strike defendants' claim for contribution against Loretta with respect to his state law claims, namely, Count II, malicious prosecution, Count V, false light and defamation, and Count VI, assault and

battery by Roche. "[T]he right to contribution *only* arises among joint tortfeasors." *Id*. at 538 (emphasis original) (citation omitted). "Thus, to establish a right of contribution under Pennsylvania law, [defendants] must demonstrate that [they] and [Loretta] are joint tortfeasors." *Id*. (citation omitted). "Joint tortfeasors are 'two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." *Id*. (citing Pennsylvania's Uniform Contribution Among Tortfeasors Act ("UCATA"), 42 Pa.Cons.Stat.Ann. §8322).

Moreover, the court concurs with the cases which have held that Pennsylvania's "contribution statute [UCATA] permits a contribution remedy for intentional tortfeasors." Euro Motorcars Germantown Inc. v. Manheim Remarketing, Inc., 2015 WL 798969, at *10 (E.D.Pa. Feb. 25, 2015); Impala Platinum Holdings Ltd. v. A-1 Specialized Servs. & Supplies, Inc., 2017 WL 2840352, at *10 (E.D.Pa. June 30, 2017); Kilbride Investments Limited v. Cushman & Wakefield of Pennsylvania, Inc., 2019 WL 3713878 (E.D.Pa. Aug. 6, 2019) ("The Court agree[d] with the reasoning in Euro Motorcars and conclude[d] that [defendant's] claimed status as an intentional tortfeasor is not a bar to contribution.").

In their TPC, defendants allege the if the injuries and damages plaintiff alleges in his complaint are proven to be true, then Loretta "is individually, and/or jointly and/or severally liable, liable over to [them] and/or solely liable to plaintiff." Here, based on the factors which Pennsylvania courts consider

11

to determine joint and several liability, *see* Bank, 991 F.Supp. 2d at 538[5], defendants cannot plausibly allege that they and Loretta are joint tortfeasors with respect to any of plaintiff's state law claims asserted against them. The alleged injuries caused to plaintiff by defendants are not the same injuries plaintiff allegedly suffered that were caused by Loretta. There are no allegations that Loretta prosecuted, defamed or assaulted plaintiff. With respect to plaintiff's state law claims against defendants for malicious prosecution, false light and defamation and assault and battery, if defendants are found liable on these claims, Loretta would not be liable to defendants under any recognized theory of derivative liability.

Thus, plaintiff's motion to strike defendants' claim for contribution against Loretta regarding his state law claims in Count II, malicious prosecution, Count V, false light and defamation, and Count VI, assault and battery, will be granted.

With respect to indemnification, "[s]ince federal law appears to be

---

[5]The following factors are considered by Pennsylvania courts to determine joint and several liability:

> [T]he identity of a cause of action against each of two or more defendants; the existence of a common, or like duty; whether the same evidence will support an action against each; the single, indivisible nature of the injury to the plaintiffs; identity of the facts as to time, place, or result; whether the injury is direct and immediate, rather than consequential; responsibility of the defendants for the same injuria [injury] as distinguished from the damnum [damages].

Bank, 991 F.Supp. 2d at 538 (citation omitted).

12

deficient on the right of indemnity in §1983 actions, the Court may look to Pennsylvania law." Id. at 532. Under Pennsylvania law, common law indemnity is an "equitable remedy that shifts the entire responsibility for damages from a party who, without any fault, has been required to pay because of a legal relationship to the party at fault." City of Wilkes-Barre v. Kaminski Bros., 804 A.2d 89, 92 (Pa.Commw.Ct. 2002).

In Rich v. Brandywine Insurance Advisors, LLC, 2017 WL 961002, *3 (E.D.Pa. March 10, 2017), the court discussed a claim for indemnification under Pennsylvania law and stated:

> "Under Pennsylvania law, indemnity is available only from those who are primarily liable to those who are merely secondarily or vicariously liable." In re One Meridian Plaza Fire Litigation, 820 F. Supp. 1492, 1496 (E.D. Pa. 1993). "Indemnity, if applicable, would shift the entire liability for plaintiff's loss from a third-party plaintiff to third-party defendant." Id. Indemnification is a right "which enures to a person who, *without active fault on his own part*, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable." TVSM Inc. v. Alexander & Alexander, Inc., 583 F. Supp. 1089, 1091 (E.D. Pa. 1984) (emphasis added) (citing Builders Supply Co. v. McCabe, 77 A.2d 368 (Pa. 1951)). "Indemnity is a narrow form of relief extended in limited circumstances. Liability will not be shifted simply because another party bears some fault." Merrill Lynch, et al. v. Staiman, 771 F. Supp. 102, 105 (E.D. Pa. Aug. 15, 1991).

Additionally, "[t]he relevant question, with respect to indemnity, is not who bears 'primary responsibility,' but rather 'whether the party seeking indemnity ... had any part in causing the injury.'" Id. (citation omitted). Common law indemnity "is a fault-shifting mechanism that comes into play when a defendant held liable by operation of law seeks to recover from a

13

defendant whose conduct actually caused the loss", and "[it] is appropriate when a defendant's liability arises not out of its own conduct, but out of a relationship that legally compels the defendant to pay for the act or omission of a third party." EQT Production Company, 179 F.Supp.3d at 493 (internal citations omitted).

Since Pennsylvania law allows for indemnification, the issue with respect to plaintiff's claims against defendants under §1983 is "whether this [state] law is consistent with the Constitution and federal law." Bank, 991 F.Supp. 2d at 533 (citation omitted). The Supreme Court has found "two main purposes underlie §1983: 1) the compensation of civil rights victims; and 2) the prevention of abuse of power through deterrence." *Id*. (citations omitted).

In the present case, plaintiff has not sued his wife Loretta and he has not alleged that Loretta is liable for any §1983 violation. Nor do defendants allege that Loretta committed any violations under §1983. Thus, as the court in Bank, *id*., explained "if a jury were to find that [defendants] committed a §1983 violation, requiring [Loretta] to indemnify [defendants] would not advance §1983's goal of deterrence." Rather, "it would permit a civil rights violator [defendants] to escape liability for [their] actions." *Id*. As such, in the instant case, as in the Bank case, *id*., "Pennsylvania law would be inconsistent with §1983's purpose of deterring civil rights violations" and, thus [defendants] cannot maintain an indemnity claim [against Loretta] for the underlying §1983 action in Count[s] [I, II, III, IV, VII and VIII] of Plaintiff['s] [amended] Complaint."

14

As such, plaintiff's motion to strike will be granted with respect to defendants' claim for indemnification against Loretta regarding Counts I, II, III, IV, VII and VIII of plaintiff's amended complaint.

Finally, the court must address whether defendants can assert a claim for indemnification against Loretta with respect to plaintiff's state law claims in Count II, malicious prosecution, Count V, false light and defamation, and Count VI, assault and battery.

"Under Pennsylvania law, indemnity is available only (1) 'where there is an express contract to indemnify,' or (2) where the party seeking indemnity is vicariously or secondarily liable for the indemnitor's acts." Bank, 991 F.Supp. 2d at 537 (citation omitted). Here, since there is no alleged express contract to indemnify between defendants and Loretta, defendants "can only rely on principles of common law indemnification." *Id*. "To make out a claim for common law indemnification, [defendants] must demonstrate that *'without active fault on [their] own part*, [they] ha[ve] been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of [Loretta], and for which [they] [are] only secondarily liable.'" *Id*. (citation omitted) (emphasis original). Further, the right to common law indemnity "is unavailable among joint tortfeasors." *Id*. at 538. Additionally, "indemnity is unavailable to an intentional tortfeasor because it would permit him to escape liability for his own deliberate acts." *Id*. at 530-31.

Defendants allege in their TPC that plaintiff's claims against them are based, in part, on information Loretta provided to them, namely, "that plaintiff

15

intentionally discharged a firearm at or near [her]", and that based on the "false information provided to [defendants] by [Loretta], plaintiff was arrested and charged with [crimes]." Defendants further allege that "but for the actions and false statements of [Loretta], [they] would not have arrested the plaintiff." Thus, defendants essentially allege that it was the actions of Loretta, not their own actions, which caused the plaintiff's injuries, and under Rule 14(a) Loretta cannot be impleaded on this basis. Further, defendants cannot seeks indemnification from Loretta since they, allegedly, are not without active fault on their own part. Also, there is no legal relationship between defendants and Loretta that would compel them to pay for the alleged acts of Loretta. *See* Bank, 991 F.Supp. 2d at 537 (court dismissed crossclaim for indemnification against defendants since it failed to identify a legal obligation that compelled the party asserting the claim to pay for harm primarily caused by defendants' actions).

Defendants state that even if the court dismisses their claim for contribution, the court "can still find a plausible right to common law indemnification" "as to the defamation claim" since "[they] may only be secondarily liable [to plaintiff] since it was [Loretta] who made the false statements [about plaintiff] concerning an attempt shooting." However, there are no allegations that Loretta made any statements to the press. Rather, it is only alleged that defendants made false statements to the press about plaintiff. Based on the pleadings, Loretta only made statements about plaintiff and the shooting incident to the police during its investigation. Under

16

Pennsylvania law, one of the elements for a defamation claim is that plaintiff must to establish the publication of a defamatory communication by the defendant. See 42 Pa. Cons.Stat. §8343. Thus, defendants cannot only be secondarily liable to plaintiff if he prevails on his defamation claim.[6]

As such, the court finds that defendants cannot seek indemnification from Loretta with respect to plaintiff's state law claims against them for malicious prosecution, false light and defamation, and assault and battery. Thus, plaintiff's motion to strike will be granted with respect to defendants' claim for indemnification from Loretta as to his state law claims.

---

[6]In Pawlowski v. Smorto, 588 A.2d 36, 40-41 (Pa.Super. 1991), the Superior Court held that statements solely made by defendants accusing plaintiff of the crime of perjury made to the District Attorney and State Police were absolutely privileged despite the fact that they were made to induce law enforcement officials to file criminal charges against plaintiff and, it dismissed the defamation claim. The Court stated that "[i]t has long been the law of Pennsylvania that statements made by judges, attorneys, witnesses and parties in the course of or pertinent to any stage of judicial proceedings are absolutely privileged and, therefore, cannot form the basis for liability for defamation." As such, even if defendants could proceed on their claim for indemnification against Loretta with respect to plaintiff's defamation claim, Loretta would be entitled to absolute judicial privilege regarding her statements to the police. In Pawlowski v. Smorto, the Court applied the privilege to statements made solely to law enforcement officials for the purpose of initiating criminal charges even if "the statements may ultimately prove to be false or maliciously motivated."

## IV.  CONCLUSION

The plaintiff's motion to strike, (Doc. 19), defendants' TPC, (Doc. 17), will be **GRANTED**, and defendants' TPC will be **DISMISSED IN ITS ENTIRETY**. Loretta Simonson will be **DISMISSED** from this case as the third-party defendant. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE**: **December 10, 2019**

18-2445-01.wpd